### GEORGE W. COOK *v.* JOHN RITTER.

Whether, after a jury are sworn, a justice, if either party objects, can permit some of them to be withdrawn and others substituted? *Quere.* But such objection must be made at the time, or the parties will be held to have assented thereto.

An attorney cannot recover of his client fees of counsel associated with him, without proving his employment of such counsel at the client's request, or that with his sanction he, the attorney, has paid the said fees.

Whether term fees can be proved by parol evidence of the number of times a cause was on the calendar, without producing the calendar itself? *Quere.*

And whether an attorney, in an action for his services, may prove by parol the trial of causes and entry of judgments by him, without producing the official minutes or records? *Quere.*

APPEAL by the defendant from a judgment of the Marine Court, for legal services. The points are sufficiently indicated and illustrated in the opinion.

*Ephraim H. Hudson*, for the defendant.

*George W. Cook*, plaintiff in person.

BY THE COURT. INGRAHAM, FIRST J.—The first objection taken by the defendant in this case is, that the justice erred in admitting parol proof of the number of times the cause was on the calendar for which the plaintiff claimed term fees. I am not prepared to say this was erroneous. Even if the calendar was produced, other evidence was necessary to show that the plaintiff was entitled to fees for these terms. But whether proper or not, the calendar was produced, and the

deputy clerk subsequently examined and proved all that was proved by parol.

2. The same answer applies to the objection, as to proof of verdict and judgment. The clerk proved from the minutes the time of trial; and a transcript of the judgment, certified by the clerk, was given in evidence, so far as appears in the return, without objection.

3. The justice committed no error in prohibiting the counsel from explaining to the jury the object and motives of the plaintiff, in the conveyance by the wife of certain property. There was no evidence to warrant any such statements, and the justice was correct in telling the jury that the only question in relation to the conveyance was the value of the services in drawing it.

4. There may be doubt as to the right of the justice to order jurors to be withdrawn, and others substituted after the jury were empannelled and sworn. It does not appear that the trial had commenced, other than by calling and swearing the jury, nor does it appear by the return that the defendant at the time made any objection to it. Under such circumstances, I think he must be considered as assenting to the change of jurors, and as having waived his right to object thereto.

5. There is no objection to the admission of the bills of costs in the return, except upon the ground that the calendar should be produced. This objection has been already examined. If the bills were used, as suggested by the defendant's counsel, to refresh his memory, the defendant should have placed his objection to them on that ground, and not on the ground that the plaintiff should produce the calendar.

6. There was, however, no evidence to warrant the plaintiff in recovering counsel fees earned by the witness, John Cook, who was associated with the plaintiff in some of the business performed for the defendant. For these services John Cook has a right of action against the defendant, or else he should have shown that the counsel was employed by the ally on his own account, and at the defendant's request, or had paid therefor. Nothing in the case shows any thing by

which the plaintiff was entitled to recover for the services of counsel. The counsel fees must be deducted from the judgment.

The expense of printing is properly chargeable to the attorney, and he has a right to recover for the same from his client. There was no error in regard to this item.

If the plaintiff consents to deduct from the judgment $150 for the counsel fees charged, and which belong to John Cook, the judgment should be affirmed for the residue, without costs. If not, the judgment should be reversed, with costs.

Adjudged accordingly.